United States District Court
Middle District of Florida
Jacksonville Division

**JERMAINE LAMAR BRINSON,**

*Plaintiff,*

v.          NO. 3:24-cv-90-HES-PDB

**BURNSVILLE POLICE DEPARTMENT ETC.,**

*Defendants.*

---

# Report and Recommendation

Proceeding without a lawyer and applying to proceed without prepaying fees, the plaintiff, a resident of Miami, Florida, sues the Burnsville Police Department in Burnsville, Minnesota, and six Minnesota residents based on alleged unconstitutional events occurring in 2023 in Minnesota and Miami. Docs. 1, 2.

The undersigned ordered the plaintiff to show cause why the action should not be dismissed for improper venue and lack of personal jurisdiction. Doc. 3. The undersigned explained the law, directed the plaintiff to resources for litigants without lawyers, and warned the plaintiff that his failure to timely respond to the order and show cause may result in dismissal. Doc. 3 at 1–4. He responded:

> Judge Barksdale,
>
> This case shouldn't be dismissed because 28 USC 1332 grants federal court jurisdiction in all civil actions between citizens of different states and between a citizen of a state and a subject of a foreign state if the

amount in controversy exceeds $75,000 and all defendants are from a foreign state, under the authority of the Constitution of the United States, Article Ill, Section 2, Clause 1. The Florida long arm statute breaches the constitution by illegally restricting diversity of citizenship. As stated in the Maxims of Equity, "equity will not allow a statute to be used as a cloak for fraud". Article 111 of the U.5. Constitution extends the judicial power of courts to both cases in law and in equity.

I seek to obtain remedy for the harm that was caused to me. I was beaten (by Sgt) **Steven Stoler** while in a submissive stance with my hands raised, suffering broken ribs and a mouth laceration, jailed and fraudulently charged with felony assault of the officer. I was terminated from my work contract that paid $2,749 per week (on July 31st 2023) and have been homeless for much of that time while seeking work.

The complaint written and submitted under penalty of perjury by **Andrea Newton** was also fraudulent, stating details that did not occur to justify the officer's violation of my constitutional Fourth Amendment right to be secure in my own person against unreasonable search and seizure without probable cause or warrant.

During the hearing on 8/2/2023, Judge **Cynthia McCollum** refused to give me the officer's name that injured me. Ms McCollum chose to give me only his initials "for his protection," a misprision of a felony under MN Statute 609.495 Subdivision 1. Definition of crime. (a) Whoever harbors, conceals, aids, or assists by word or acts another whom the actor knows or has reason to know has committed a crime under the laws of this or another state or of the United States with intent that such offender shall avoid or escape from arrest, trial, conviction, or punishment, may be sentenced to imprisonment for not more than three years or to payment of a fine of not more than $5,000, or both if the crime committed or attempted by the other person is a felony.

**Joseph Williamson** (Prosecutor) is part of the conspiracy to deprive my civil rights with the BURNSVILLE PD and (Judge) Mccollum by violating my due process rights. During the 8/2/2023 hearing, I was informed of a court date on 8/30/2023 but was not given a time or location and was not notified by mail or any other means. I made numerous calls to the DA's OFFICE where Mr Williamson works to obtain a copy of the police report to defend the case brought against the JERMAINE LAMAR BRINSON Estate. On August 4, 2023, Mr Williamson's assistant Lynn Roberts told me that she couldn't provide the report or the body cam evidence and that I should obtain it from the BURNSVILLE PD. After a number of phone calls and emails she finally sent the police report on 8/28/2023, just two days before the court date

> that never happened. She sent a version of the body cam on 8/31/2023 that is much different than my account of the incident. There has also been falsification of a notice of in person hearing that was not mailed or communicated to me in any way. I recently found the document on the MCRO (Minnesota Court Records Online) dated digitally 9/6/2023. It shows the court file date of 9/18/2023, also showing 9/18/2023 at the bottom with notification to appear on 9/6/2023. There's a warrant for my arrest with hand written dates of 9/6/2023 on the top and bottom, claiming I missed the alleged hearing.
>
> When arriving back into the country on 9/18/2023 I was detained at the airport for hours before being arrested on 9/19/2023. On that day the arrest warrant was modified from nationwide to Minnesota and its bordering states.
>
> The **BURNSVILLE PD** its agents of terror have conspired to deprive civil rights of a private man. They have violated the due process clause by denying evidence.
>
> The case dismissal proves the cleanliness of my hands and the filth of the defendants. A Maxim of Equity states "he who comes into equity must come with clean hands". I was definitely wronged and "equity will not suffer a wrong to be without a remedy".
>
> **Equity will not suffer a wrong to be without a remedy**: "The equitable power of a court is not bound by cast iron rules but exists to do fairness and is flexible and adaptable to particular exigencies so that relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong at the hands of the other." *PCS Nitrogen, Inc. v. Ross Dev. Corp.*, 126 F. Supp. 3d 611,642 (D.S.C. 2015) (quoting *Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr.*, 386 S.C. 108 (2009)).
>
> I compel you to perform under the authority of the Constitution, Article Ill, Section 2, Clause 1, codified in 28 USC 1332. I instruct you to review the submitted evidence, proceed with the case and demand BURNSVILLE PD hand over the prima fade evidence on body cam that they keep illegally denying me from obtaining.
>
> Regards,
>
> Jermaine Lamar Brinson, Occupant

Doc. 6 at 1–2 (errors and emphasis in original).

3

A civil action may be brought in–

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Under this law, venue is improper in the Middle District of Florida, and the plaintiff fails to show cause otherwise; no alleged event occurred in the Middle District of Florida, and no defendant resides in the Middle District of Florida. Moreover, the plaintiff has neither asked this Court to transfer the case to another district nor shown that interests of justice warrant transfer. Thus, the undersigned recommends **dismissing the action without prejudice** and directing the clerk to terminate any pending motions.

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. "The district judge must determine de novo any part of the

magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to … findings or recommendations … in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on April 25, 2024.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:    Jermaine Lamar Brinson
      10695 SW 172nd Street
      Miami, Florida 33157

5